UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE ZRUBEK, JR.,

       Movant,

                         File No.  1:04-CV-529

v.

                         HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                 /

## O P I N I O N

This matter comes before the Court on Movant Zrubek's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on August 20, 2003.

### I.

On May 12, 2003, Movant entered a plea of guilty in this Court to one count of aiding and abetting the possession with intent to distribute 22 kilograms of cocaine, in violation of 21 U.S.C. §§ 8841(a)(1), 841(b)(1)(A)(ii).  On August 22, 2003, he was sentenced to 151 months in prison, five years of supervised release, a fine of $2,600.00, and a special assessment of $100.00.  Movant did not appeal his sentence.

### II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional or jurisdictional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In an action to vacate or correct the sentence, the court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance. . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief. Movant raises three claims in his motion to vacate. First, he asserts that he met the criteria for a downward adjustment to his sentence for his role in the offense as a minor participant, pursuant to U.S.S.G. § 3B1.2(b). Second, he contends that the Court incorrectly applied the firearm enhancement set forth in U.S.S.G. § 2D1.1(a)(1). Third, Movant

contends that the Court unconstitutionally made factual findings that enhanced his sentence, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

Movant's claims are procedurally defaulted because he failed to raise those claims on direct appeal.  *See Frady*, 456 U.S. at 167-68.  He therefore is not entitled to relief unless he demonstrates either cause and actual prejudice or that he is actually innocent of the offense. *Bousley*, 523 U.S. at 622.  To show cause, a defendant must point to "some objective factor external to the defense" that prohibited him from raising the double-jeopardy claim on direct appeal.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  To show prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170.  Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

Movant makes no attempt to demonstrate either cause or prejudice excusing his procedural default.  Further, he does not assert that he is actually innocent of the offense to which he pleaded guilty.  As a result, all of the issues set forth in the appeal are procedurally defaulted.  Movant therefore is barred from raising his three sentencing issues in this proceeding.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255.  Accordingly no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:     August 11, 2005            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE